## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: **07-05397-jw**

### ORDER ON APPLICATION FOR APPROVAL OF EMPLOYMENT NUNC PRO TUNC

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**03/05/2010**



*signature: John E. Waites*

Chief US Bankruptcy Court Judge
District of South Carolina

Entered: 03/08/2010

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 07-05397-JW |
| Bryan Paul Overstreet and Jessica Padgett Overstreet, | Chapter 13 |
| Debtor(s). | **ORDER** |

This matter comes before the Court upon the Application for Approval of Employment Nunc Pro Tunc ("Employment Application") and Application to Approve Settlement Nunc Pro Tunc ("Settlement Application") filed by Debtors Bryan Paul Overstreet and Jessica Padgett Overstreet ("Mrs. Overstreet"). Although the Trustee filed objections to both Applications, it appears that the objection to the Settlement Application was resolved by a consent order settling a related objection to exemption filed by the Trustee. However, because the issue of nunc pro tunc employment arises frequently, the Court wishes to address the issue for the edification of the bar.

In the Employment Application, Debtors state that Mrs. Overstreet was involved in a motor vehicle accident on September 5, 2007, approximately one month prior to the Debtors' October 2, 2007 filing of their Chapter 13 petition. According to the Employment Application and attached affidavits, Debtors hired attorneys Gary Ling and Dusty Rhoades on September 18, 2007, to represent them in the personal injury case on a contingency fee basis at the rate of 33% of the proposed settlement agreement. Debtors did not disclose the lawsuit or cause of action in their original schedules and statement of financial affairs nor claim an exemption in any recovery therefrom. Over two years later, Debtors now request authorization, nunc pro tunc, to employ the attorneys, which is an issue raised in connection with the settlement. To explain their failure

1

to disclose, Debtors state that they did not believe they would receive any recovery from the accident.

11 U.S.C. §327 and Fed. R. Bankr. P. 2014 set forth rules and procedures for the employment of attorneys or other professional persons, and provide that "the trustee, with the court's approval" may employ such professionals if they "do not hold or represent an interest adverse to the estate" and are "disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." § 327(a).  Although the U.S. Bankruptcy Code and Federal Rules of Bankruptcy are silent on the issue of nunc pro tunc employment of professionals, it is well recognized, including by this Court, that such employment may be authorized upon a proper showing.  See In re TJN, Inc., 194 B.R. 396, 397-99 (Bankr. D.S.C. 1996) (citing In re Twinton Props. P'ship, 27 B.R. 817, 819-20 (Bankr. M.D. Tenn. 1983)).  However, the procedure for approving the employment of professionals in a Chapter 13 case is less clear.

Several courts have indicated that § 327 is not applicable to the employment of attorneys or other professionals by a Chapter 13 debtor, reasoning that the statutory language is limited to a trustee or Chapter 11 debtor-in-possession.  In re Tirado, 329 B.R. 244, 248-50 (Bankr. E.D. Wis. 2005); see also In re Powell, 314 B.R. 567, 569-70 (Bankr. N.D. Tex. 2004); In re Harris, 298 B.R. 319, 320-21 (Bankr. E.D. Tenn. 2003); In re Dugger, No. 97-30410, 1999 WL 33486706, at *4 (Bankr. D. Idaho Mar. 5, 1999).  However, other courts have reached the contrary conclusion on the basis that if the statute was intended to apply only to cases other than Chapter 13, it would have clearly provided for that, and that there would be no requirement for special counsel to be disinterested or not hold an interest adverse to the debtor absent § 327.  Price v. Crawford (In re Price), Bankr. No. 05-04807-TOM-13, Adv. No. 07-00017, 2007 WL 1125639, at *3-6 (Bankr. N.D. Ala. Apr. 16, 2007); see also In re Davis, No. 07-51337-NPO,

2

2009 WL 4856199, at *4 (Bankr. S.D. Miss. Dec. 9, 2009); In re Glover, No. 01-43454, 2003 WL 23811474, at *3 (Bankr. S.D. Ga. June 13, 2003).

In the present case, there is no dispute that Debtors employed the special counsel pre-petition in a customary transaction for representation in an automobile accident. No party objects to the compensation proposed nor to a nunc pro tunc approval of the pre-petition employment.[1] The Court finds that in such cases where a Chapter 13 debtor employs a professional pre-petition, the debtor need not obtain approval from the Court, even if the professional remains employed and continues to work on the matter post-petition. The Court notes, however, that pursuant to § 329 and § 330(a)(4)(B), the Court's approval of compensation to be awarded to the professional may be required. Furthermore, at the outset of representing a Chapter 13 debtor, bankruptcy counsel should inquire specifically about the involvement of special counsel or other professionals, and any lawsuits or other pending legal matters should always be disclosed on the debtor's schedules with any exemption timely claimed.

Accordingly, the Court grants the Applications, but concludes that a Chapter 13 debtor need not seek the Court's approval nunc pro tunc for an employment application under similar circumstances in the future.[2]

**AND IT IS SO ORDERED.**

Columbia, South Carolina
March 5, 2010

---

[1] However, the standards for nunc pro tunc approval require that a hearing be held and proof offered.

[2] Professionals employed post-petition in a Chapter 13 case may ask for Court approval of employment as means of advising the Court, trustee, and parties of the employment, but any such requests should be timely submitted.

3